UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-07799 GAF (AJWx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | Loratious Presley v. R. J. Reynolds Tobacco Company | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

### ORDER RE: STIPULATED FACTS

The parties stipulated to following facts, which are admitted and require no further proof:

1. Plaintiff worked for RJRT for 18 years without any discipline prior to August 19, 2010.

2. Andrew Bradigan supervised Plaintiff for approximately three months.

3. Plaintiff contacted Defendant's Help Desk at approximately 5:19 P.M. Pacific Time on August 19, 2010.

4. Defendant made several attempts to contact Injoon Chaey by telephone, but was unsuccessful in reaching him to confirm that Plaintiff had visited Griff Liquor on August 19 or August 20, 2010.

5. Plaintiff worked as a Territory Manager for RJRT.

6. RJRT is a tobacco company based in Winston-Salem, North Carolina.

7. At all times during his employment, Plaintiff's employment was at-will.

8. The majority of the time, Plaintiff worked by himself in the field without supervision. As a Territory Manager, Presley was the "eyes and ears for corporate" in the field.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-07799 GAF (AJWx) | Date | March 12, 2014 |
|---|---|---|---|
| Title | Loratious Presley v. R. J. Reynolds Tobacco Company | | |

9. All Territory Managers, including Plaintiff, were provided with laptops and expected to utilize RJRT's "Connect" system as a key part of carrying out their job duties.

10. "Connect" is a computer system that, among other things, tracks inventory, distribution, pricing, signage and promotional placements of RJRT's products. TMs also use Connect to manage their work schedules, and are required to input information and observations from their retail visits.

11. The information Plaintiff inputs in Connect was the main medium of communicating to his boss his observations in the sales field and his supervisor could use the Connect data to see what work Plaintiff did and what was going on in the stores in Plaintiff's territory.

12. Plaintiff's employment was terminated on September 13, 2010.

13. Plaintiff appealed RJRT's termination decision and also made a complaint through Global Compliance, RJRT's ethics hotline.

14. No one at RJRT told Plaintiff that his termination was based on his performance.

15. Andrew Bradigan's cell phone number during the relevant time period was 440-263-1923.

16. Plaintiff's annual salary at the time of the termination of his employment at RJRT was $59,830.16.

17. In 2010, Plaintiff's gross income, consisting of salaries and wages, and unemployment compensation was $62,928.

18. In 2011, Plaintiff's income consisting of unemployment compensation was $21,600.

19. In 2009, Plaintiff's overall performance rating was "achieves."

20. Plaintiff did not receive a performance rating in 2010.

**IT IS SO ORDERED.**